UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:21-cr-00184-DAD |
| Plaintiff, | ORDER DENYING DEFENDANT BREAUX'S MOTION FOR CREDIT FOR TIME SERVED AND MODIFICATION OF SENTENCE FROM CONSECUTIVE TO CONCURRENT |
| v. | |
| TELVIN J. BREAUX, | |
| Defendant. | (Doc. No. 346) |

On March 2, 2026, defendant Telvin J. Breaux ("Breaux") filed a *pro se* motion seeking the award of time credits[1] toward his sentence imposed in this case as well as a modification of that sentence which was imposed to run consecutive to the state prison sentence he is serving, to one running concurrent to his state prison sentence. (Doc. No. 346.) On March 27, 2026, the government filed an opposition to defendant Breaux's motion. (Doc. No. 347.) Defendant has not filed a reply to that opposition. For the reasons explained below, defendant Breaux's motion will be denied.

/////

---

[1] Defendant Breaux has not made any showing that he has exhausted his administrative remedies with respect to any claim that his time credits have not been properly calculated by the Bureau of Prisons. *See Urquizo v. Warden*, No. 1:25-cv-00699-EPG-HC, 2025 WL 2061468, at \*2 (E.D. Cal. July 23, 2025); *Dukes v. Ricolcol*, No. 5:23-cv-01789-JWH (SK), 2024 WL 947794, at \*2 (C.D. Cal. Jan. 4, 2024), *report and recommendation adopted*, No. 5:23-cv-01789-JW-HSK, 2024 WL 943446 (C.D. Cal. Mar. 4, 2024).

1

On September 11, 2023, pursuant to a plea agreement, defendant Breaux entered a plea of guilty to Counts One and Two of the superseding indictment in which he was charged with violations of 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud) and l8 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft).  (Doc. Nos. 229, 236.)  In his plea agreement defendant Breaux specifically waived his right to appeal or collaterally attack any part of his plea or sentence. (Doc. No.  229 at 9–10) ("[R]egardless of the sentence the defendant receives, he also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. §§ 2255 and 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.").

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 28 and his criminal history category as VI, resulting in an advisory sentencing guidelines range calling for a term of imprisonment of between 140 and 175 months on Count One with the mandatory consecutive term of imprisonment of 24–months on Count Two.  (Doc. No. 297–3.) The presentence report recommended a sentence of 140–months on Count One and the mandatory consecutive term of 24 months on Count Two for an aggregate term of 164 months in the custody of the Bureau of Prisons to be served consecutively to the defendant's undischarged state prison terms imposed following his state court convictions for second degree robbery while armed and obstruction/resisting of an executive officer.  (*Id.* at 1–3.)  At the sentencing hearing in this case on August 26, 2024, the court adopted those findings as true and correct but sentenced defendant Breaux to a below guideline aggregate sentence of 65 months in the custody of the U.S. Bureau of Prisons.  (Doc. Nos. 340, 341.)  As noted by the government in their opposition to the pending motion (Doc. No. 347), this court did so after considering the significant amount of state prison time defendant had remaining to be served but also specifically imposed that federal sentence to run consecutive to those undischarged state prison terms.  (*Id.*)

Defendant Breaux now seeks both additional time credits awarded against his federal sentence and the modification of that sentence so as to have it run concurrent with, rather than consecutive to, his unrelated and still undischarged state prison terms.  His motion lacks merit. First, in his plea agreement defendant Breaux waived any challenge to the sentence imposed in

2

his case by way of collateral attack and that waiver is enforceable. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Second, even were the court to consider the merits of the pending motion, it is well–established that "[a] federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United State*s, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). While that general rule is subject to several exceptions, defendant Breaux has made no showing that any such exception applies here. Finally, even were the court to reach the merits of the pending motion, defendant's request would be denied. Defendant Breaux received a sentence well below the applicable advisory sentencing guideline range in this case. The fact that he had a significant period of time left to serve in state custody on completely unrelated and serious state convictions was fully considered by this court in imposing sentence. The court imposed the sentence in this case to run consecutively to the undischarged state prison terms for good reason and after full consideration of all relevant circumstances.

For the reasons explained above, defendant Breaux's motion for credit for time served and modification of his sentence to have it run concurrent to his undischarged state prison sentences (Doc. No. 346) is denied in its entirety. The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:     **May 29, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3